# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GERALD BUCKLEY,

    *Plaintiff*,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
A LIBERIAN CORPORATION,

    *Defendant*.           /

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Gerald Buckley, hereby sues Royal Caribbean Cruises, Ltd., a Panamanian Corporation, for damages and alleges as follows:

## **JURISDICTION AND VENUE**

1. Plaintiff, Gerald Buckley, is a resident of the state of New York.

2. Defendant, Royal Caribbean Cruises, Ltd. ("Royal Caribbean Cruises, Ltd."), is a Panamanian corporation with its principal place of business in Miami, Florida. At all times material Royal Caribbean Cruises, Ltd. was doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida.

3. During all times material, Defendant Royal Caribbean Cruises, Ltd. owned and operated the vessel *Liberty of the Seas* on a cruise from Bayonne, New Jersey to Boston, Massachusetts and other ports in October of 2023.

4. This is a cause of action valued in excess of $75,000.00.

5. Diversity Jurisdiction is proper under 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds the minimum threshold. Admiralty jurisdiction is also proper under 28 U.S.C. § 1333 as the cause of action is a maritime tort.

6. Venue is proper pursuant to both 28 U.S.C. § 1391 and the forum selection clause contained within the Defendant's cruise ticket.

7. At all times material, Royal Caribbean Cruises, Ltd. was engaged in the business of providing to the public and to the plaintiff, for compensation, vacation cruises aboard the vessel which it owned and operated, *Liberty of the Seas*.

8. On or about October 5, 2023, Plaintiff Buckley was a passenger on board the *Liberty of the Seas*.

9. On October 5, 2023, Plaintiff Buckley was at the elevator bank of Deck 4 of the *Liberty of the Seas* waiting for an elevator.

10. As Plaintiff approached the elevator, the doors began to close, and Mr. Buckley stuck out his right hand to activate the motion sensor for the doors to stop closing and re-open, so that he could catch the elevator up to his cabin. However, the elevator doors failed to sense Plaintiff Buckley's hand, and did not stop. Instead, the elevator doors closed on his right hand, crushing his middle and ring fingers.

11. Due to the crushing force by the elevator doors, Plaintiff Buckley sustained severe, permanent, and debilitating injuries to his right hand (including partial amputation of his two fingers), and other parts of her body, all of which required medical treatment and will continue to require treatment into the future.

## **COUNT I – NEGLIGENT FAILURE TO WARN**

Plaintiff repeats and realleges paragraphs 1 through 11 and further alleges:

12. Defendant Royal Caribbean Cruises, Ltd. owed the plaintiff, as its passenger, the duty to act with reasonable care with regard to passenger safety on its ship. This included but was

not limited to taking action to make the *Liberty of the Seas* reasonably safe for its passengers during the subject cruise.

13. This includes the duty to warn its passengers of dangerous and hazardous conditions and circumstances that its passengers will encounter on the ship.

14. Royal Caribbean Cruises, Ltd. was negligent and breached its duty to act with reasonable care under the circumstances by failing to provide any warning to Plaintiff about the elevator's dangerous propensity to slam shut on passengers so hard that it can cause injury.

15. At all material times, Defendant Royal Caribbean Cruises, Ltd. had actual and/or constructive notice of the condition.

16. Prior to Plaintiff Buckley's injury, the defendant knew that passengers have been injured due to elevators unexpectedly slamming shut upon them. Specifically, the defendant knew of at least twenty-seven passengers who were injured by elevator doors closing on them, prior to the date of Plaintiff Buckley's injury. A list of the twenty-seven passengers is attached hereto as Exhibit A.

17. Additionally, the defendant had notice of the dangerous condition because there was a warning sign inside the elevator at the time of the injury. However, the warning was posted on the inside of the elevator. This warning was unhelpful for the plaintiff as he was entering the elevator at the time that he tried to activate the motion sensor with his hand. There was no warning located on the outside of the elevator. The corrective measure of placing a warning sign on the inside of the elevator shows that the defendant had knowledge of the dangerous condition prior to Plaintiff Buckley's injury.

18. This condition existed for a long enough time that Royal Caribbean Cruises, Ltd. should have discovered the problem. The force with which the subject elevator closed is not a

3

condition that would have occurred quickly. The faulty calibration of the elevator door force is a condition that would have taken significant time to develop. As such, the dangerous condition of the elevator door existed for a period long enough that the defendant should have discovered the problem on reasonable inspection.

19. The failure to warn Plaintiff of the dangerous condition was the proximate cause of Plaintiff's injury. If he had been properly and sufficiently warned of the propensity of the elevator to slam shut with an abnormal amount of force and not reopen, he would have taken extra precaution and not tried to use his hand to activate the motion sensors to reopen the elevator doors.

20. The dangerous and hazardous condition of the elevator was not open and obvious to the plaintiff. A normal elevator would not close with the same force as the elevator did on Plaintiff's hand. Additionally, an elevator under normal circumstances recoils or bounces back when it senses something in between the doors. On this date, the elevator did not sense Plaintiff's hand in the door and continued to shut with force greater than normal elevator functioning. This failure to sense something in between the doors and the additional force was not a condition that was visible to Plaintiff, nor was it open and obvious.

21. As a direct and proximate result of the defendant's negligent failure to warn Plaintiff of the dangerous and hazardous condition of the subject elevator, Plaintiff Buckley suffered injuries to his right hand, fingers and other parts of his body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Gerald Buckley prays for judgment to be entered against the defendant, Royal Caribbean Cruises, Ltd., for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT II – GENERAL NEGLIGENCE

Plaintiff repeats and realleges paragraphs 1 through 11 as fully incorporated herein. Plaintiff further alleges:

22. Defendant Royal Caribbean Cruises, Ltd. owed the plaintiff, as its passenger, the duty to act with reasonable care with regard to passenger safety on its ship. This included but was not limited to taking action to make the *Liberty of the Seas* reasonably safe for its passengers during the subject cruise vacation.

23. This duty includes the duty to maintain its ship in a reasonably safe condition in the areas where the cruise line knows that passengers will be going.

24. Royal Caribbean Cruises, Ltd. was negligent and breached its duty to act with reasonable care under the circumstances by failing to act with reasonable care under the circumstances in maintaining the subject elevator.

25. At all material times, Defendant Royal Caribbean Cruises, Ltd. had actual and/or constructive notice of the condition.

26. Prior to Plaintiff Buckley's injury, the defendant knew that passengers have been injured due to elevators unexpectedly slamming shut upon them. Specifically, the defendant knew of at least twenty-seven passengers who were injured by elevator doors closing on them, prior to the date of Plaintiff Buckley's injury. *See* Exhibit A.

27. Additionally, the defendant had notice of the dangerous condition because there was a warning sign inside the elevator at the time of the injury. However, the warning was posted on the inside of the elevator. This warning was unhelpful for the plaintiff as he was entering the elevator at the time that he tried to activate the motion sensor with his hand. There was no warning located on the outside of the elevator. The corrective measure of placing a warning sign on the inside of the elevator shows that the defendant had knowledge of the dangerous condition prior to Plaintiff Buckley's injury.

28. This condition existed for a long enough time that Royal Caribbean Cruises, Ltd. should have discovered the problem. The force with which the subject elevator closed is not a condition that would have occurred quickly. The faulty calibration of the elevator door force is a condition that would have taken significant time to develop. As such, the dangerous condition of the elevator door existed for a period long enough that the defendant should have discovered the problem on reasonable inspection.

29. Royal Caribbean Cruises, Ltd. breached its duty to maintain the elevator in a reasonably safe condition because they failed to inspect the area with reasonable frequency to determine if the elevator was operating with proper closing force, and if the elevator was responding to sensors appropriately to determine if objects were in between the doors of the elevator.

30. Royal Caribbean Cruises, Ltd. was negligent and breached its duty to maintain the ship in a reasonably safe condition for passengers and Plaintiff Buckley, based on the following actions and omissions:

   a. By failing to make reasonable inspections of the subject area;

b. By failing to reasonably maintain the subject area by ensuring the elevator was properly calibrated with regard to closing force and its sensors;

c. By failing to make reasonable inspection of the elevator to evaluate the force of the doors and the sensors functioning;

d. By failing to have any procedure in place for making regular inspections of the subject elevator;

e. By failing to have a person in charge of routine maintenance and inspection of the subject elevator, such that he or she would have found these problems with the elevator's functioning accruing over time;

f. By failing to complete routine maintenance to upkeep the elevator in proper working condition; and

g. By failing to act with reasonable care under the circumstances.

31. The failure to act with reasonable care under the circumstances and failure to maintain the subject area was the proximate cause of Plaintiff's injury, because if the area would have been maintained properly, the elevator would have worked properly and would not have slammed with such intense force onto Plaintiff Buckley's arm, and would not have continued to close hard on Plaintiff's arm instead of opening upon sensing an object in the doors.

32. The dangerous and hazardous condition of the elevator was not open and obvious to the plaintiff. A normal elevator would not close with the same force as the elevator did on Plaintiff's arm. Additionally, an elevator under normal circumstances recoils or bounces back when it senses something in between the doors. On this date, the elevator did not sense Plaintiff's hand in the door and continued to shut with force greater than normal elevator functioning. This

failure to sense something in between the doors and the additional force was not a condition that was visible to Plaintiff, nor was it open and obvious.

33. As a direct and proximate result of the defendant's negligent failure to warn Plaintiff of the dangerous and hazardous condition of the subject elevator, Plaintiff Buckley suffered injuries to his right hand and fingers and other parts of his body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Gerald Buckley prays for judgment to be entered against the defendant, Royal Caribbean Cruises, Ltd., for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT III – VICARIOUS LIABILITY

Plaintiff repeats and realleges paragraphs 1 through 11 as fully incorporated herein. Plaintiff further alleges:

34. The Defendant is vicariously liable for the actions and omissions of its crewmembers on its ships within the scope of their employment. The principal of vicarious liability applies to the negligent actions of the Royal Caribbean Cruises, Ltd. crewmember(s) and their agents who were the engineer(s)/maintenance technician(s) who last set the elevator force prior to the plaintiff's injury and/or were responsible for verifying through inspection the closing force (and door closing speed).

35. The Royal Caribbean Cruises, Ltd. engineer(s)/maintenance technicians/agents who last set the closing force of the subject elevator prior to the plaintiff's injury did so negligently. Had he/she/they set the closing force properly in the subject elevator, it would not have been powerful enough to close on Plaintiff Buckley's hand and cause such a bad crush injury that he eventually required amputation of two of his fingers.

36. In the alternative, the Royal Caribbean engineer(s)/maintenance technicians/agents who last inspected the elevator prior to the plaintiff's injury acted with negligence in failing to properly inspect the elevator and failing to complete routine maintenance on the elevator. Had the engineers/maintenance technicians/agents who last inspected the elevator and serviced it done so properly, the elevator would have sprung open upon sensing Plaintiff's hand in between the doors, as a typical elevator properly operates.

37. The dangerous and hazardous condition of the elevator was not open and obvious to the plaintiff. A normal elevator would not close with the same force as the elevator did on Plaintiff's hand. On this date, the elevator did not sense Plaintiff's hand in the door and continued to shut with force greater than normal elevator functioning. The additional force was not a condition that was visible to Plaintiff, nor was it open and obvious.

38. The mis-calibrated force of the elevator doors was the proximate cause of the plaintiff's injury. This is because the doors would not have closed so hard on the plaintiff's arm and would not have caused the resultant injury if the closing force had been correctly set. The proper amount of force would not have caused the injuries that the plaintiff sustained as a result of this incident.

39. As a direct and proximate result of the defendant's vicarious negligence for failing to act with reasonable care under the circumstances with regard to maintenance of the subject

elevator, Plaintiff Buckley suffered injuries to his right hand, fingers and other parts of his body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Gerald Buckley prays for judgment to be entered against the defendant, Royal Caribbean Cruises, Ltd., for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

Dated this 4th day of October, 2024.

*/s/ Catherine Saylor*
JACOB J. MUNCH
E-mail: jake@munchandmunch.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172